A. Clark Cannon, Esq. Informal Opinion City Attorney No. 98-43 City of Geneva 17 Seneca Street, Suite Two Geneva, N Y 14456
Dear Mr. Cannon:
You have stated that the City of Geneva currently has a Personnel Officer, who under the City Charter is granted authority to administer the provisions of the Civil Service Law. Your question is whether a local law amending the Charter to transfer the responsibilities of the City Personnel Officer to the County's Civil Service Commission is subject to a mandatory referendum under section 23(2)(k) of the Municipal Home Rule Law.
Under section 15 of the Civil Service Law, municipalities, including cities, may select a form of local civil service administration from several options, including municipal civil service commissions, personnel officers and administration by a regional civil service commission or regional personnel officer through agreement by two or more municipalities. The form of civil service administration in effect and in operation in any city or county on the effective date of section 15 is continued. Id., § 15(3). The legislative body of a city may authorize the withdrawal of the city from its current form of civil service administration and elect administration under one of the other forms or under the jurisdiction of the civil service commission or personnel officer of the county in which the city is located. Id., § 16(1)(b). Prior to a change in the form of administration, the legislative body of the city is required to conduct a public hearing on reasonable notice.Id., § 16(3).
Since the City of Geneva's current form of administration of the Civil Service Law through a personnel officer is established in the City Charter, a change of administration must be implemented through the amendment of the Charter by local law. Municipal Home Rule Law §10(1)(ii)(c)(1); Art 4. A local law enacted by a city which changes a provision of law relating to the membership or terms of office of the civil service commission of the city is subject to a mandatory referendum under section 23(2)(k) of the Municipal Home Rule Law. The City of Geneva, however, has a Personnel Officer, not a Civil Service Commission. Abolition of the position of Personnel Officer does not fall within the coverage of section 23(2)(k), which specifically requires a referendum on a local law ". . . relating to . . . the civil service commission of the city." In that only specifically mentioned matters are covered, it is clear that the abolition of the City's Personnel Officer and transfer of responsibility for administration of the Civil Service Law to the County's Civil Service Commission by local law is not subject to a mandatory referendum. It makes no difference whether the authorization for this change is a preexisting Charter provision (see, Civil Service Law § 15[3]) or section 16 of the Civil Service Law. Municipal Home Rule Law § 23(2)(k) does not require a referendum.
Prior to a change in administration under section 16, a public hearing on notice must be held. The procedure for enactment of local laws by a local government also includes a hearing requirement, which would comply with section 16 (Municipal Home Rule Law § 20).
We conclude that a local law enacted by a city to change the form of administration of the Civil Service Law from a city personnel officer to administration by the county under its civil service commission is not subject to a mandatory referendum.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions